FILED
2013 AUG 28 PM 1:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOOTH FAMILY TRUST, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> VIDA BARON, ET AL., <br><br> Defendants. | Case No. CV 13-5938 UA (DUTYx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On August 14, 2013, Defendant Dawn Baron, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

1  the first place, in that Defendant does not competently allege facts supplying either
2  diversity or federal-question jurisdiction, and therefore removal is improper. 28
3  U.S.C. § 1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,
4  563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of
5  citizenship exists, the amount in controversy does not exceed the diversity-
6  jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the
7  contrary, the unlawful-detainer complaint recites that the amount in controversy
8  does not exceed $10,000. Moreover, because Defendant resides in the forum state,
9  Defendant cannot properly remove the action, to the extent diversity jurisdiction is
10 asserted. 28 U.S.C. § 1441(b).

11       Nor does Plaintiff's unlawful detainer action raise any federal legal question.
12 *See* 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in her removal papers that
13 Plaintiff's action constitutes discrimination in violation of the federal Fair Housing
14 Act ("FHA"). *See* 42 U.S.C. § 3601, *et seq.* However, "a federal defense does not
15 form a basis for removal" in an unlawful detainer action. *See U.S. Bank Nat'l Ass'n
16 v. Beas*, 2012 WL 27502 at *1 (C.D. Cal. Jan. 6, 2012) (remanding unlawful
17 detainer action to state court where Defendant alleged due process and equal
18 protection violations); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)
19 ("Federal jurisdiction cannot be predicated on an actual or anticipated defense");
20 *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law
21 defense to a state-law claim does not confer jurisdiction on a federal court[.]").
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
2  Superior Court of California, County of Santa Barbara, Santa Barbara Courthouse,
3  1100 Anacapa St., Santa Barbara, CA 93101, for lack of subject matter jurisdiction
4  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this
5  Order to the state court; and (3) that the Clerk serve copies of this Order on the
6  parties.

8    IT IS SO ORDERED.

10   Dated: 8/22/13

                                    _____
                                    GEORGE H. KING
                                    CHIEF UNITED STATES DISTRICT JUDGE